JACOB BURWICK *vs.* HARRY ROSENBERG.

Worcester.　September 23, 1929. — October 3, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction,* To enjoin foreclosure of mortgage. *Mortgage,* Of real estate: foreclosure.

A master, to whom was referred a suit in equity by the owner of real estate to enjoin foreclosure of a mortgage thereon, found, as to an allegation of the bill that the defendant, who had been in possession of the real estate under his mortgage, had refused, although requested, to give the plaintiff an account of rents and expenditures, that the defendant had rendered to the plaintiff an accounting of all rents and profits received by him and that the plaintiff had never offered to pay to the defendant the amounts due on the mortgages and was unable

to make such payment or any substantial part thereof at the time foreclosure proceedings were instituted; and the bill was dismissed. *Held*, that the dismissal was proper.

BILL IN EQUITY, filed in the Superior Court on October 9, 1928, by the owner of property known as Phelps Theater Building in Southbridge to enjoin the foreclosure of a mortgage thereon.

The suit was referred to a master. Material findings by the master are stated in the opinion. By order of *Lummus*, J., a final decree was entered dismissing the bill. The plaintiff appealed.

The case was submitted on briefs.

*E. Burwick*, for the plaintiff.

*G. R. Stobbs, H. H. Hartwell, & L. E. Stockwell*, for the defendant.

BY THE COURT. The plaintiff by this bill in equity seeks to enjoin the defendant from foreclosing a mortgage on real estate. It is alleged in the bill that the defendant holds two mortgages on the real estate, both of which have been for some time overdue. The ground of relief alleged is that the defendant, having been in possession of the mortgaged premises for a considerable time as mortgagee, has refused, although requested, to give the plaintiff an account of rents and expenditures, and that the plaintiff therefore is unable to negotiate payment of the balance due on the mortgages. The case was referred to a master. By his report it appears that the defendant as mortgagee in possession had rendered to the plaintiff an accounting of all rents and profits received by him and that the plaintiff had never offered to pay to the defendant the amounts due on the mortgages and was unable to make such payment or any substantial part thereof at the time foreclosure proceedings were instituted. Thus it has been found that the allegations upon which the plaintiff founded his cause were not true. The bill was dismissed rightly.

*Decree affirmed with costs.*